JILL SELLARS
815 N. McKINLEY ST.
CASPER, WY 82601

JIM LYKINS
826 N. McKINLEY ST.
CASPER, WY 82601

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 1 3 2010

Stephan Harris, Clerk
Casper

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

|  |  |  |
|---|---|---|
| Plaintiff, | ) | |
| Jill Sellars and | ) | Case No.  10 CV 007 -J |
| Jim Lykins | ) | |
|  | ) | |
| vs. | ) | |
|  | ) | |
| Defendants, | ) | |
| Habitat for Humanity | ) | |
| Heart of Wyoming | ) | |

**ISSUES**

Whether service of summons was delivered in accordance with Rule 4 of
Wyoming Civil Procedure. Whether verdict reached in Motion to Set Aside
Verdict in Civil Action Number 90842-B heard in the Seventh Judicial District in
Natrona County State of Wyoming, was in accordance with Wyoming Rules
16-3-114, or if there is a violation of Statute 16-3-114 (A), (D), and (E).

**FACTS**

On December 18, 2009 plaintiffs were present at hearing for Motion to Set Aside
Judgment in Civil Action Number 90842-B in the Seventh Judicial District,
Natrona County State of Wyoming plaintiffs presented evidence that proved
summons was not delivered in accordance with Rule 4 of Wyoming Civil
Procedure, judge negotiated verdict with Plaintiff's Attorney at end of hearing to
determine if damages were to be sought. Plaintiff's Attorney informed Judge
Sullins that if the verdict was not set aside in afore mentioned civil action number
then no damages would be sought. Judge Sullins based his verdict on this
negotiation not recognizing Defendant's in the case or objections to said

_Plaintiffs request setting for hearing_

_Jill M. Sellars_

discussion. plaintiffs met a standard of proof higher than a Preponderance of evidence, Rick Rogers witness for Plaintiff testified that in the past he had on several occasions delivered papers that were missing important documents required to be delivered. He also testified that on said delivery date he was "positive" all papers were attached, but could not remember an exact or approximate amount of papers he was delivering that day or on the previous days he had attempted to deliver papers to plaintiffs. Witness had papers to be delivered to plaintiffs in his care for six days according to his testimony. Actual ownership of property in question in Civil Action Number 90842-B has yet to be determined and is scheduled for Initial Pre-Trial Conference on February 11, 2010 in the District Court of the Seventh Judicial District under Civil Action Number 90567-B.

## STANDARD OF REVIEW

plaintiffs request review in accordance with Wyoming Statute 16-3-115.

> An aggrieved party may obtain a review of any final
> judgment of the district court under this act by appeal
> to the supreme court. The appeal shall be taken as in
> other civil cases.

And in accordance with Wyoming Statute 16-3-114 (A), (D), and (E).  Judicial review of agency actions; district courts.

> (A)  Arbitrary, capricious, an abuse of discretion or
> otherwise not in accordance with law;
>  (D)  Without observance of procedure required by
> law; or
> (E)  Unsupported by substantial evidence in a case
> reviewed on the record of an agency hearing provided
> by statute.

## ORDER FOR STAY OF ENFORCEMENT

plaintiffs request a Stay of Enforcement in accordance with Rule 12.05

> Stay of enforcement. Filing of the petition does not
> itself stay enforcement of the agency decision.
> The reviewing court may order a stay upon appropriate
> terms. If the stay involves an order preventing an
> agency or another party from committing or continuing
> an act or course of action, the provisions of Rule 65, Wyo. R. Civ. P.,

relating to injunctions shall apply.

And in accordance with Rule 65 of Wyoming Rules of Civil Procedure

Rule 65. Injunctions.
(a) Preliminary injunction. -
  (1) Notice. - No preliminary injunction shall be issued without notice to the adverse party.
  (2) Consolidation of Hearing With Trial on Merits. - Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

(b) Temporary restraining order; notice; hearing; duration. -
A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On two-days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its

dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

The court having found that appellants have met requirements for Stay of Enforcement does here by order a Stay of Enforcement, granted this _____day of _____ _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

**VERIFICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

Jill Sellars, being of lawful age and being first duly sworn upon his oath, states that the foregoing and the statements contained herein are true and accurate to the best of her knowledge and belief.

_____
JILL M. SELLARS

Jim Lykins, being of lawful age and being first duly sworn upon his oath, states that the foregoing and the statements contained herein are true and accurate to the best of his knowledge and belief.

_____
JAMES A. LYKINS

Subscribed and sworn to before me this _____ day of _____ _____, 2010, by Jim A. Lykins and Jill Sellars

Witness my hand and official seal.

_____
NOTARY PUBLIC

My Commission expires:_____ _____

Jim Lykins is unavailable for signature but will be present for all hearings and will swear to affidavit in court.